**MISSOURI PACIFIC RAILROAD COMPANY, a Delaware corporation, Appellant,**

v.

**The CORPORATION COMMISSION OF OKLAHOMA and The State of Oklahoma, Appellees.**

**No. 58075.**

Supreme Court of Oklahoma.

Oct. 25, 1983.

Dyer, Powers, Marsh & Armstrong by Joe M. Fears, Tulsa, for appellant.

Robert D. Stewart, Jr., Gen. Counsel and Patrick D. Shore, Asst. Gen. Counsel, Oklahoma Corp. Com'n, Oklahoma City, for appellees.

HODGES, Justice.

The dispositive issue on certiorari is whether the Oklahoma Corporation Commission, appellee, has the power to require the Missouri Pacific Railroad Company, appellant, to provide lockers for road crews at the Muskogee terminal. We find that it does not.

The question is controlled by our holding in *St. Louis-San Francisco Ry. Co. v. State,* 268 P.2d 845, 850 (Okl.1953). In *St. Louis,* the Court reversed an order of the Corporation Commission which had required construction of medical facilities for employees because the Commission exceeded the powers prescribed by the Okla. Const. art. 9 §§ 18, 19. The same rationale is applicable to this case. The Commission may regulate functions of corporations falling within its jurisdiction, only if the activity is impressed with a public interest. The power does not extend to adjudication of private labor disputes. Although art. 9 § 18 [1] empowers the Commission to resolve

---

1. It is provided by the Okla. Const. art. 9 § 18 in pertinent part:

"... Upon the request of the parties interested, it shall be the duty of the Commission, as far as possible, to effect, by mediation, the

problems between a corporation and its employees, any resolution by the Commission must be based on the request of the interested parties. The rule is that the Commission's powers of regulation must be construed to refer to the obligations of a corporation concerning the corporation's public duties.[2]

 In the absence of a request by the interested parties, pursuant to the Okla. Const. art. 9 § 18, the Corporation Commission does not have the power to require appellant to install lockers. This function is confined to the contractual relationship between the railroad and its employees, and does not relate to any public duty imposed on the railroad.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; ORDER OF THE CORPORATION COMMISSION REVERSED.

BARNES, C.J., and IRWIN, LAVENDER, DOOLIN, HARGRAVE, OPALA, and WILSON, JJ., concur.

---

adjustment of claims, and the settlement of controversies, between transportation or transmission companies and their patrons or employees."

**2.** *Public Service Co. of Okla. v. State*, 645 P.2d 465 (Okl.1982).