2001 OK CIV APP 56

**UNION PACIFIC RAILROAD COMPANY, Appellant,**

v.

**STATE of Oklahoma, ex rel. CORPORATION COMMISSION, and ex rel. Drew Edmondson, Attorney General of the State of Oklahoma, Appellee.**

No. 92,845.

Court of Civil Appeals of Oklahoma, Division No. 2.

July 5, 2000.

Certiorari Denied Oct. 10, 2000.

Hugh D. Rice, Rainey, Ross, Rice & Binns, Oklahoma City, OK, for Appellant.

William Burkett, Chanda R. Graham, Rachel Lawrence Mor, Office of General Counsel, Oklahoma Corporation Commission, Oklahoma City, OK, for Appellee.

COLBERT, J.

¶ 1 Union Pacific Railroad Company appeals an order of the Oklahoma Corporation Commission, *en banc*, ordering it to remove all weeds, trash, and debris located in railroad rights-of-way in Oklahoma City. The primary issue on appeal is whether the Corporation Commission had subject matter jurisdiction in this matter. We find it did and affirm its order.

## BACKGROUND

¶ 2 In September 1998, the manager of the Railroad Department of the Corporation Commission's Transportation Division applied for an order directing Union Pacific to remove weeds and debris from railway rights-of-way near 10th and Tulsa street in Oklahoma City. This application was made because the Corporation Commission had received numerous complaints about the weeds and trash. Union Pacific moved to dismiss the matter, alleging that: 1) the Corporation Commission lacked subject matter jurisdiction; 2) the weeds, debris, and vegetation did not impede the safety of the traveling public; and 3) the problem had been previously abated and no current threat existed to public health, safety, or welfare.

¶ 3 An administrative law judge (ALJ) held a hearing in October 1998, at which the parties presented evidence on the hazards of the weeds and debris. The ALJ found that the evidence supported the Commission's application because the weeds and debris constituted a public health hazard. The ALJ determined that Union Pacific had not complied with Rule 165:32–1–11(a) of the Commission's rules governing railroads, which charges railroads with the duty to reasonably abate "all rank weeds, noxious plants, thickets and trash ... along their rights-of-way." Okla. Admin. Code § 165.32–1–11(a) (Supp.1998). The ALJ recommended that the Commission issue its order requiring Union Pacific to reasonably abate the weeds and trash along the rights-of-way.

¶ 4 Union Pacific appealed the ALJ's report to the Corporation Commission, *en banc*, again asserting that the Commission lacked subject matter jurisdiction because exclusive jurisdiction lay with Oklahoma City. Union Pacific further asserted that, if the Corporation Commission had subject matter jurisdiction, the jurisdiction was preempted by federal law. Finally, Union Pacific asserted the ALJ's report was unenforceable because it denied Union Pacific equal protection of the law since state agencies responsible for public highways are not subject to similar contempt proceedings for failure to abate weeds at public highway crossings.

¶ 5 The Corporation Commission, *en banc,* affirmed the ALJ's report and ordered Union Pacific to remove all trash, weeds, and debris in the railroad rights-of-way. The Commission determined that it had subject matter jurisdiction under the Oklahoma constitution and its own rules. Furthermore, the Commission found that it was not pre-empted from weed regulation by any powers given to municipalities by the legislature. Union Pacific appeals.

## STANDARD OF REVIEW

¶ 6 The standards of review in appeals from orders of the Corporation Commission are found in the Oklahoma constitution. It provides for two standards of review, depending on the type of violation asserted by the appealing parties. If a violation of the federal or state constitution is asserted, the appellate court is directed to "exercise its own independent judgment as to both the law and the facts." Oklahoma Constitution, art. 9, § 20. In all other cases, a more deferential standard is applied and the review is limited to determining whether "the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence." *Id.*

¶ 7 The supreme court has previously held that issues of the Corporation Commission's jurisdiction are questions of law, upon which appellate courts must make independent findings. *See Southern Pac. Communications Co. v. Corporation Comm'n,* 1978 OK 14, ¶ 11, 586 P.2d 327, 330; *State v. Oklahoma Ordnance Works Auth.,* 1980 OK 94, ¶ 4, 613 P.2d 476, 479. Because this appeal considers the subject matter jurisdiction of the Corporation Commission, we must independently determine the issue of jurisdiction.

## ANALYSIS

■■■ ¶ 8 In its petition in error, Union Pacific alleges that the subject matter jurisdiction of the Commission has been preempted by federal law,[1] but fails to even mention this contention in either of its briefs. "The absence of argument and authorities on a point of error preserved by a petition in error is deemed abandonment of that point." *Perry v. Meek,* 1980 OK 151, ¶ 13, 618 P.2d 934, 938; *see also* Rule 1.11(k)(1) of the Supreme Court Rules, 12 O.S. Supp.1999, ch. 15, app. 1 ("Argument without supporting authority will not be considered."). Likewise, Union Pacific's assertion that it was denied both equal protection of the law and due process will not be considered because it failed to provide supporting authority for these claims in its briefs.

¶ 9 Therefore, although Union Pacific's petition in error contains four allegations of error, this court will only consider the two issues which were addressed in its briefs: the questions of subject matter jurisdiction and preemption by municipal jurisdiction.

■■■ ¶ 10 Union Pacific's primary contention is that the Commission does not have the authority to order the removal of the weeds and debris because such removal is a public health concern, which is outside the Commission's limited jurisdiction. The Commission's powers are set out in article 9, section 18 of the Oklahoma constitution, which provides in part:

> The Commission shall have the power and authority and be charged with the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the Commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just.

¶ 11 Pursuant to this grant of authority, the Commission promulgated a rule requiring that:

---

**1.** Interstate Commerce Commission Termination Act of 1995, Pub.L. No. 104–88, 109 Stat. 803

(codified as amended in scattered sections of 49 U.S.C.).

Railroads or other persons, firms or corporations operating a railroad company are responsible for the reasonable abatement of all rank weeds, noxious plants, thickets and trash, as defined in this Subchapter, *along their rights-of-way* and at crossings within a sight rectangle within the boundaries of any city or town or unincorporated community in Oklahoma.

Okla. Admin. Code § 165:32–1–11(a) (Supp. 1998) (emphasis added). It is under this rule that the Commission sought to hold Union Pacific responsible for the removal of the weeds and debris.

¶ 12 Union Pacific concedes that, if the material was an impediment to the line of sight of the traveling public, the Commission has the authority to issue such an order. However, Union Pacific asserts that the Commission only has jurisdiction to order it to remove the weeds and debris if they impede the line of sight of the traveling public and the issue of removal for public health reasons is outside the limited jurisdiction of the Commission. The railroad cites *St. Louis–San Francisco Ry. v. State,* 1953 OK 335, 268 P.2d 845, in support of its assertion that the Commission does not have jurisdiction in any matter involving public health. The issue before the supreme court in *St. Louis-San Francisco Ry. Co.* was whether the Commission had the authority to require the railroad to furnish hospital facilities to its employees within the state of Oklahoma. The court held that the Commission did not have the authority to require the railroad to furnish hospital facilities because the matter was a purely private dispute. *Id.* at ¶¶ 40–41, 268 P.2d at 851.

¶ 13 A similar result was reached in *Missouri Pacific R.R. v. Corporation Comm'n,* 1983 OK 98, 672 P.2d 44, the other case cited by Union Pacific in support of its argument that the Commission lacked jurisdiction. The supreme court held in *Missouri Pacific* that the Commission exceeded its authority when it ordered the railroad to provide lockers for its road crews because the matter involved a labor dispute and did not involve a public interest. *Id.* at ¶ 3, 672 P.2d at 45.

¶ 14 Neither of the cases cited by Union Pacific supports its contention that the

supreme court has previously held that the Commission is prohibited from issuing an order in a matter involving an issue of public health. Each case does, however, highlight the restriction that the Commission should not be involved in private disputes, particularly disputes between a railroad and its employees when the parties have not asked for the Commission's intervention. Furthermore, each case reiterates that the Commission only has jurisdiction in matters which deal with public concerns. "The Commission may regulate functions of corporations falling within its jurisdiction, only if the activity is impressed with a public interest." *Id.* at ¶ 2, 672 P.2d at 44.

¶ 15 Union Pacific frames the issue here as an attempt by the Commission to adjudicate a dispute between a landowner and a railroad. However, we do not view this as a private dispute. Although it is true that the problem was brought to the Commission's attention by citizens living near the rights-of-way, this fact does not make this a purely private dispute. It is undisputed that the condition of the rights-of-way poses a threat to public health. Union Pacific does not contend otherwise and admits that the weeds and trash need to be cleaned up. The conditions are ideal for attracting snakes, rodents, mosquitos, and possibly other uncontrolled animals. It is also apparent that the conditions are a threat to the general public, not just the adjacent landowners. This matter is clearly one of public interest and cannot be classified as a purely private dispute.

¶ 16 It is also undisputed that the Commission is responsible for protecting the public health and safety when weeds impede the line of sight of the traveling public. Similarly, we find that the order to abate the weeds and trash from the rights-of-way is also within the Commission's subject matter jurisdiction because the order was issued to protect the health and safety of the public, just as an order would be issued in controversies involving weeds that impede the line of sight of the traveling public.

¶ 17 As its final contention, Union Pacific asserts that the Commission does not have jurisdiction because Oklahoma City has

exclusive jurisdiction pursuant to 11 O.S. § 22–111. However, we find nothing in the version of section 22–111 in effect at the time this matter commenced indicating a legislative intent to give municipalities exclusive jurisdiction in this matter. *See Bruner v. Sobel,* 1998 OK 60, ¶ 9, 961 P.2d 815, 817 (the goal of statutory construction is to ascertain and apply the legislature's intent; if that intent is clear, no additional rules of construction are necessary). Prior to November 1, 1998, section 22–111 provided that a "municipal governing body *may* cause property within the municipal limits to be cleaned of trash and weeds." 11 O.S. Supp.1998 § 22–111(A) (emphasis added). It further provided that a municipal governing body "may enact ordinances to prohibit owners of property ... located within the municipal limits from allowing trash to accumulate." 11 O.S. Supp.1998 § 22–111(C). No language in section 22–111 revealed a legislative intent to give municipalities exclusive authority over weed and trash removal to the exclusion of all state authorities or commissions.

¶ 18 In fact, the amendment to section 22–111 which became effective on November 1, 1998, shortly after the original application for an order was filed in this case, added that the provisions of the section "shall not apply to ... railroad property under the jurisdiction of the Oklahoma Corporation Commission." 11 O.S. Supp.1999 § 22–111(E); *see generally Polymer Fabricating, Inc. v. TEWCA,* 1998 OK 113, ¶ 15, 980 P.2d 109, 114 (if a statute is ambiguous or its meaning is uncertain, there is a presumption that an amendment was designed to more clearly express the original legislative intent). Therefore, we must reject Union Pacific's contention that section 22–111 precludes the Commission from issuing an order for weed and trash removal on property located within a municipality.

## CONCLUSION

¶ 19 The Corporation Commission has subject matter jurisdiction and properly issued the order to Union Pacific to abate the weeds and debris along the rights-of-way. Accordingly, the order of the Corporation Commission, *en banc,* is affirmed.

¶ 20 AFFIRMED.

¶ 21 RAPP, P.J., and TAYLOR, J., concur.