KANSAS CITY SOUTHERN R. CO. v. STATE.

No. 31747. May 15, 1945.

*158 P. 2d 699.*

Joseph R. Brown, of Kansas City, Mo., for plaintiff in error.

Floyd Green, General Counsel, and L. V. Reid, Asst. Gen. Counsel, Corporation Commission, for defendant in error.

CORN, J. This is an appeal from an order of the Corporation Commission approving an agreement between the Kansas City Southern Railway Company and the Highway Commission of the State of Oklahoma for the installation of reflectorized warning signs at a highway grade crossing, but denying application of the railway company for authority to remove the wooden crossbuck signs required by section 124, Title 66, O. S. 1941. The railway company appealed from that part of the order denying authority to remove the wooden crossbuck sign.

The question involved herein is whether section 84, Title 17, O. S. 1941, empowers the Corporation Commission to authorize a crossing warning sign different from and in lieu of the crossing warning sign prescribed by section 124, Title 66, O. S. 1941.

The statutes are as follows:

Section 124, Title 66, O. S. 1941: "Every railroad corporation operating a line of road within this State must erect suitable signs of caution at each crossing of its road with a public highway, which signs shall be painted with black Roman or block letters, on white background, 'Railroad Crossing — Look Out for the Cars;' said letters to be at least eight inches in length and proportionately broad; said signs shall be placed at the top of posts at least fifteen feet high."

Section 84, Title 17, O. S. 1941: "The Corporation Commission shall have exclusive jurisdiction to determine and prescribe the particular location of highway crossings, for steam or electric railways, the protection required, to order the removal of all obstructions

as to view of such crossings, to alter or abolish any such crossings, and to require, where practicable, a separation of grade at any such crossing, heretofore or hereafter established."

It may be observed that the later statute does not expressly repeal the earlier one; nor do we think it repeals it by necessary implication. The fact that the statute confers upon the Corporation Commission the jurisdiction to determine and prescribe the particular location of highway crossings for steam and electric railways, the protection required, etc. does not necessarily imply that it intended to repeal the former statute establishing a uniform system of crossing signals.

When the jurisdiction of the Corporation Commission is invoked to determine and prescribe the location of a crossing in a particular case, it is given the authority by the statute to require the crossing to be so constructed as to safeguard the public so far as possible from railway crossing hazards. It may make any reasonable requirements as to traffic signals at such crossings as may be required for public safety at that particular place, but we do not think the Legislature intended to abolish the uniform system of crossing signals, or to confer power upon the Corporation Commission to substitute a different system.

The precise question has not previously been passed upon by this court. However, in St. Louis-S. F. Ry. Co. v. Prince, 145 Okla. 194, 291 P. 973, we held:

"The statute which requires a railroad company to erect suitable signs of caution at crossings of its road with public highways and prescribes the size, etc., of the letters to be printed thereon, was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warning to the traveling public of the existence of such crossings and the probable approach of its trains. It was intended rather to prescribe the minimum of care which must be ob-

served with respect to the erection and maintenance of signs or other signals of warning at all crossings."

A similar expression of the court is also found in St. Louis-S. F. Ry. Co. et al. v. Thompson, 139 Okla. 142, 281 P. 565.

Construing the two statutes together, we are of the opinion that the Corporation Commission is empowered only to require additional protection in specific cases, and is therefore without authority to change the statutory uniform system of crossing signals.

The order of the Corporation Commission is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.