CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Corporation, Appellant,

v.

The STATE of Oklahoma, the Corporation Commission of the State of Oklahoma, and the Board of County Commissioners of Oklahoma County, Oklahoma, Appellees.

No. 36138.

Supreme Court of Oklahoma.

Sept. 28, 1954.

Savage, Gibson & Benefield, Oklahoma City, for appellant.

James G. Welch, Montford Johnson, T. Earl Curb, Oklahoma City, for appellees.

BLACKBIRD, Justice.

This proceeding was commenced before the Corporation Commission on application of the Board of County Commissioners of Oklahoma County, for an order directing the Chicago, Rock Island and Pacific Railroad Company, hereinafter called appellant, to install a warning signal where its right-of-way crosses Douglas Boulevard in Oklahoma County. After a hearing, the Commission made the order.

At the hearing, an engineer for the Highway Department testified there were two ways in which the Federal Government could pay for as much as half of the cost of the installation of the signal. One was to have the boulevard declared a primary or secondary federal highway; another was to have it designated as an access road; then the proper authorities for the state or county could make application for financial assistance. It was assumed that this would achieve financial assistance from the Federal Government amounting to approximately one-half of the cost of the installation of the signal. Whether the assistance covered maintenance of the signal was not stated.

A witness for appellant testified that the cost of installation would be $6,740 and the annual expense of maintenance and operation $350. It is conceded that the authority of the Corporation Commission is exercised under 17 O.S.1951 § 84. If there was any contest of the need for the signal it has been abandoned on appeal. There is likewise no controversy about the kind of signal requested since, in response to a question by the referee, appellant stated that the type of signal desired was quite well known.

The sole argument is that under the facts and circumstances the act of the Corporation Commission in making the order without making provision for the payment of at least part of the cost of the installation by the Federal Government is an un-

constitutional act amounting to a taking of property without due process of law. Appellant asserts that under the provisions of 66 O.S.1951 §§ 125a, 125c and 125d there is a provision that public authorities pay for the installation of the signal. Appellant states that under §§ 125a and 125c, supra, the state may use public funds for such purpose but it does not emphasize such authority as applied to state funds exclusively. The greater force of appellant's argument is addressed to the provision of the said law authorizing contribution, or financial cooperation by the Federal Government as outlined by the state engineer above referred to.

Appellant relies on Nashville, C. & St. L. Ry. v. Walters, 294 U.S. 405, 55 S.Ct. 486, 79 L.Ed. 949, but that case is not decisive of the issue here. In note 40 of the report of that decision a number of cases are cited where, after a proper hearing, railroads were made to pay all or part of the assessments for grade separations. See, also, Annotations and cases cited in 55 A.L.R. 660, 62 A.L.R. 815, and 109 A.L.R. 768. In the original case, Nashville, C. & St. L. Ry. v. Baker, 167 Tenn. 470, 71 S.W. 2d 678, the Tennessee Supreme Court held a statute providing for the State of Tennessee to build grade separations authorized arbitrary action by the State without regard to the necessity or welfare of the railroad involved. Nashville, C. & St. L. Ry. v. Walters, supra, held that the Tennessee Supreme Court should have considered and determined the necessity and the incidental welfare of the railroad and we note that two of the Justices stated there was no evidence cited by the Railroad Company to sustain a finding of arbitrary action by the State of Tennessee or its official representatives.

In this case the Corporation Commission has heard and determined the necessity for the construction of the signal under 17 O.S.1951 § 84, and directed the railroad company to furnish lights on its private right-of-way to be operated by it. Although these are for the protection of the public, this is not a case where the state or a state agency is building or constructing a roadway. The fact that there may be means by which the railroad company can be partially reimbursed is incidental and without legal significance to the issues involved herein.

We considered the power of the Corporation Commission to act under the above provision in Kansas City Southern Ry. Co. v. State, 195 Okl. 424, 158 P.2d 699, 700. In the syllabus of that case it is stated:

"Section 124, Title 66 O.S.1941, prescribes a uniform system of railway crossing signals, and the same is not repealed by implication by Sec. 84, Title 17 O.S.1941, which confers exclusive jurisdiction upon the Corporation Commission to 'determine and prescribe the particular location of highway crossings, for steam or electric railways, the protection required,' etc., which only empowers the Corporation Commission in particular cases, where its jurisdiction has been invoked, to require additional warning signals for public safety."

See, also, St. Louis-San Francisco Ry. Co. v. Prince, 145 Okl. 194, 291 P. 973, 71 A.L.R. 357; Kansas City Southern Ry. Co. v. Citizens of Westville, 184 Okl. 100, 89 P.2d 320; City of Tulsa v. Midland Valley Ry. Co., 10 Cir., 168 F.2d 252; and Department of Transportation of State v. Snohomish County, 35 Wash.2d 247, 212 P. 2d 829, 832. In the case last cited in construing a statute somewhat similar to ours it is stated:

" 'Ever since 1909, the railroad commission, or the successor to its powers and duties, has had the power and duty to require any railroad to install and maintain proper signals, warnings, or other devices to warn and protect the public at any highway crossing. * * *' "

The order was within the power and authority of the Corporation Commission.

Order sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.