George Marrion SHRIVER, Petitioner,

v.

Raymond W. GRAHAM, Judge of the District Court of Tulsa County, State of Oklahoma, Respondent.

No. A–13097.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1961.

Jay C. Baker, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., S. M. Fallis, Asst. County Atty., Tulsa, for State of Oklahoma and Raymond W. Graham, respondent.

BUSSEY, Judge.

This is an original application by petitioner, George Marrion Shriver, seeking to prohibit the Honorable Raymond W. Graham from exercising further jurisdiction in case No. 19,112, wherein petitioner is charged with violating the provisions of title 21 section 1577 of the Oklahoma Statutes. This statute provides:

"Every person who sells, exchanges or delivers for any consideration any *forged* or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, *knowing* the same to be forged or counterfeited, with intent to have the same uttered or passed, *or who offers any such note or other instrument for sale, exchange or delivery for any consideration,* with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge

and intent, is guilty of forgery in the second degree."

This matter is presented to us upon the following agreed statement of facts adduced at the preliminary hearing:

"The Rev. R. T. Peake, Jr., testified that a Skelly Oil Company Credit Card was issued to him and that the same was left in his billfold at a place in Tulsa County where he was swimming. That while he was swimming his billfold disappeared, including the Skelly Oil Company credit card. That he gave permission to no one to use this credit car for the purchase of gas and oil or for the purpose of obtaining credit thereby. Rev. Peake further testified that the State's Exhibit 1, a credit card ticket, bore the signature of R. T. Peake, Jr., that said signature was not his signature and was not made by any person authorized by him to do so.

"Mr. D. H. Doyle testified that on July 18, 1961, the defendant, George Marrion Shriver, purchased five gallons of gas, one valve stem, one can of new car wax, one can of rust master, and one tire at his service station which is located in Tulsa County, Oklahoma. That said items together with excise and sales tax totaled $47.65. That as payment for said items George Marrion Shriver, the defendant, produced one Skelly Oil Company Credit Card bearing the name of R. T. Peake, which credit card had apparently been issued by Skelly Oil Company to the said R. T. Peake, Jr. That the said D. M. Doyle honored said credit card and prepared a credit card ticket showing the items of purchase and that the defendant, George Marrion Shriver, signed the name of R. T. Peake, Jr., to said credit card.

"Charles Lester testified that he was a Police Officer for the City of Tulsa, and that the defendant voluntarily admitted to him that he had taken the credit card from a pair of pants at the place where Rev. Peake had been swimming. That he presented the same to D. M. Doyle as payment for the items shown upon the credit card ticket. That defendant further stated that he was not authorized to do the same and that said credit card had not been issued to him."

Under an almost identical factual situation the Court of Criminal Appeals sustained a conviction under the provisions of title 21 section 1577. See Benefield v. State, Okl.Cr., 355 P.2d 874.

It is the petitioner's contention that Benefield v. State, supra, is no longer controlling by reason of the enactment of 21 O.S. § 1550.2, which became effective on March 9, 1961. This act provides:

"Any person who knowingly uses or attempts to use in person or by telephone, for the purpose of obtaining credit, or for the purchase of goods, property or services, or for the purpose of obtaining cash advances in lieu of these items, a credit card which has not been issued to such person and which is not used with the consent of the person to whom issued or a credit card which has been revoked or cancelled by the issuer of such card and actual notice thereof has been given to such person, or a credit card which is false, counterfeit, or nonexistent is guilty of a misdemeanor and punishable by a fine of not more than One Hundred Dollars ($100) or imprisonment for not more than thirty (30) days if the amount of the credit or purchase obtained by such use does not exceed Fifty Dollars ($50) or by both such fine or imprisonment, or by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or imprisonment for not more than one (1) year if the amount of the credit or purchase obtained by such use exceeds Fifty Dollars ($50), or by both such fine and imprisonment."

It is the position of the petitioner that since the act upon which he stands charged

was committed subsequent to the passage of 21 O.S. § 1550.2, supra, the same constitutes only a misdemeanor, and therefore the District Court of Tulsa County is without jurisdiction to proceed further in this cause.

It is a familiar rule that repeals by implication are not favored and where two statutes covering in whole or in part the same matter are not absolutely irreconcilable, effect should be given, if possible to both.[1] Subsequent legislation repeals previous inconsistent legislation whether it expressly declares such repeal or not. In the nature of things it would be so, not only on the theory of intention, but because contradictions cannot stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance. One statute is not repugnant to another, unless they relate to the same subject, and are enacted for the same purpose,[2] thus where there is no manifest repugnancy between the provisions of the two acts and the special act is not obviously intended as pro tanto a substitute for the general act, a repeal does not take place.[3]

In order to sustain petitioner's contention that the agreed facts as stated above constitute only a misdemeanor, this court would of necessity have to enlarge by judicial construction the provisions of 21 O.S. § 1550.2 to include all cases wherein forged credit card invoices are used to obtain property or forged credit card invoices are offered or uttered with the intent to obtain property thereby. Such a construction would violate the rules of construction as hereinbefore enunciated. We believe that 21 O.S. § 1550.2 was enacted for the purpose of defining and punishing acts which were not contemplated under the provisions of 21 O.S. § 1577.

It is next contended by the petitioner that the trial court erred in overruling a demurrer to the sufficiency of the information. We have repeatedly held that an appeal may not be taken from an intermediate order of the trial court, and that such matters were reviewable only on appeal from a final judgment and sentence. To allow a defendant to test the sufficiency of an information in a prohibition proceeding when the agreed facts establish that the evidence would support the jurisdiction of the trial court would be allowing the defendant to do indirectly what the law directly forbids. For the reasons above cited the writ is denied.

NIX, P. J., and BRETT, J., concur.

---

1. Carpenter v. Russell's· Adm'r, 13 Okl. 277, 73 P. 930.

2. In re Application of State to Issue Bonds to Fund Indebtedness, 33 Okl. 797, 127 P. 1065.

3. Kansas City Southern Ry. Co. v. State, 195 Okl. 424, 158 P.2d 699.