**STATE of Oklahoma ex rel. J. L. DARNELL, Petitioner,**

**v.**

**The STATE BOARD OF EDUCATION, D. D. Creech, President of the State Board of Education and State Superintendent of Public Instruction, Charles L. Weber, Assistant State Superintendent of Public Instruction and Director of Finance, J. Don Garrison, member of the State Board of Education; Charles C. Mason, member of the State Board of Education, Ruth Musselman, member of the State Board of Education, Harry Shackelford, member of the State Board of Education, Otto Thompson, member of the State Board of Education, and Glenn Yahn, member of the State Board of Education, Respondents.**

**No. 43930.**

Supreme Court of Oklahoma.

Sept. 29, 1970.

Wayne D. Lawler, Jr., Phillip R. Russ, Fellers, Snider, Baggett, Blankenship & Bailey, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Gary Glasgow, Asst. Atty. Gen., for respondents.

WILLIAMS, Justice.

Petitioner herein, County Superintendent of Schools for Creek County, seeks an order of this Court assuming original jurisdiction and the issuance of a writ of mandamus directing the State Board of Education and the individually named officers and members thereof, respondents herein, to apportion funds and obtain the issuance of warrants necessary to supplement his salary as county superintendent, commenc-

ing with term of office beginning the first Monday of July, 1969, to provide him a total annual compensation in the amount allegedly required by the provisions of The Oklahoma School Code, 70 O.S.1961, § 1–1 et seq., as amended.

For the reasons set forth herein, we determine to assume original jurisdiction and issue writ of mandamus.

Section 3–3 of the School Code (70 O.S. 1961, § 3–3) provides:

"The County Superintendent of Schools of each county shall receive from county funds the same salary and the same allowance for traveling expenses as is now provided by law for the County Superintendent of Public Instruction of such county, or as may hereafter be provided by law * * * and such salary *shall be supplemented from state funds by such amount of State Aid* as will provide a total compensation to the County Superintendent of Schools that will be equal to the salary that was provided by the State Aid Law (Article 18 hereof) for school district superintendents of schools with like qualifications and number of teachers under their supervision." (Emphasis added).

Section 18–15A of the State Aid Law, Article 18, 70 O.S.1969 Supp., provides:

"Notwithstanding any provisions hereinabove contained to the contrary, the State Board of Education is hereby authorized to apportion, from any appropriation provided for the purposes of this Article, an amount equal to the difference between (1) the amount necessary to provide for the County Superintendent of Schools in each county in the State a salary computed on the basis of the minimum salary of teachers serving as superintendents of schools in school districts, and (2) an amount equal to the salary paid to such County Superintendent of Schools from county funds of the county of which he, or she, is County Superintendent of Schools. The State Board of Education shall furnish the State Auditor with a copy of the appor-

tionments made for the salary of the County Superintendent of each county and upon the submission of claims by the State Board of Education the State Auditor shall draw a warrant each month for one-twelfth of the total apportionment made to supplement the salary of the County Superintendent of Schools in each county as herein provided, and such warrants shall be forwarded to the County Superintendent of Schools by the State Board of Education as soon as they are received from the State Auditor."

In substantially its present language, the latter quoted section first appeared in 1955. See subsection (a), 70 O.S.1955 Supp. § 18–12. A somewhat similar section was included in the 1949 School Code. See 70 O.S.1949 Supp. § 18–12.

The question presented herein is not whether the above sections are mandatory and require respondents to apportion funds to supplement petitioner's salary. Respondents are presently apportioning funds for this supplement, causing warrants therefor to be issued, and forwarding such warrants to petitioner. Rather, simply stated, the question herein is whether petitioner is entitled to an increase in the present supplement to his salary based upon salary raises given to school teachers in 1965 and 1968.

In 1965, the Legislature re-enacted Article 18 (State Aid) of the School Code, entitling this article as the "Public School Foundation Act of 1965." Section 10 of this Act (70 O.S.1969 Supp. § 18–10A) declared the State Aid Salary Schedule used during the year 1964–65, including various increments for experience, superintendents and principals, and extra months of pay for superintendents, etc., to be the minimum salary for any teacher thereafter employed by a board of education in Oklahoma. This section further provided that a certain specified amount of Incentive Aid a school district was qualified to receive was to be used to increase the minimum salary defined above, this increase in

no event to be less than 10% of the amount received by a beginning teacher under the 1964–65 salary schedule. The minimum salary of a beginning teacher in 1964–65 was $3800.00. Thus, the minimum raise for all teachers for the school year 1965–66 was $380.00.

Subsequent to the raise granted by the 1965 Act, additional teacher raises were provided by The Public School Improvement Act of 1968, 70 O.S.1969 Supp. §§ 18–8A and 1210.51, et seq. This Act increased teachers' salaries for the school year 1968–69 by a minimum of $500.00 over the salary received for the school year 1967–68; for the school year 1969–70 by a minimum of $900.00 over that received in 1969–70 by a minimum of $900.00 over that received in 1967–68; and for the school year 1970–71 by a minimum of $1300.00 over that received in 1967–68.

From a reading of the above cited statutes, it is clear the supplement to be made to petitioner's salary is the difference between his salary paid from county funds and the minimum salary received by a teacher who with like qualifications and number of teachers under his supervision, is serving as a superintendent of schools in a school district. As has been suggested hereinabove, the present controversy arises from the parties' disagreement as to the manner of calculation of the minimum salary, as that term is used in 70 O.S.1969, Supp. § 18–15A, supra.

Respondents herein contend the term "minimum salary" is defined in 70 O.S. 1969 Supp. § 18–10A, as the State Aid Salary Schedule used during the school year 1964–65, including the various increments, etc., but not including the salary increase provided for in 70 O.S.1969, Supp. § 18–10A. In effect, respondents continue this reasoning by arguing that if the term minimum salary does not include the 1965 increase, neither does it include those provided by the 1968 act.

It is true, as noted above, that 70 O.S. 1969 Supp., § 18–10A declares the minimum salary to be the 1964–65 State Aid

Salary Schedule, including increments. However, the section continues by requiring certain amounts of Incentive Aid to be applied for uniform salary increase, these increases to be not less than 10% of the beginning teachers' salary, that is not less than $380.00 (annually). In our opinion, the section merely used the salary schedule of 1964–65 as a base upon which the percentage increase for 1965–66 and subsequent years could be applied. It is clear from the statutory language that the intent of the Legislature was to establish for teachers a minimum salary for the school year 1965–66 and subsequent years of the previous minimum of $3800.00 plus the $380.00 increase.

Further, it is our view the language of § 1210.53, supra, providing that "no teacher shall receive less than" certain specified increases for each of the three years ending respectively on June 30, 1969 through 71, clearly adds these increases to the previous minimum salary based on the 1965 act.

Therefore, it is our opinion that as the provisions of 70 O.S.1969 Supp. § 18–10A and § 1210.53 specified increases for all teachers, these increases must be added to the State Aid Salary Schedule of 1964–65 to determine what is now the minimum teacher's salary in Oklahoma.

As 70 O.S.1961 § 3–3, supra, provides that petitioner's salary *shall* be supplemented to provide a total compensation equal to the salary for school district superintendents with like qualifications and number of teachers under their supervision and as 70 O.S.1969, Supp. § 18–15A authorizes respondent Board to apportion funds for such supplement from any appropriation provided for the purposes of Article 18 of the School Code, it is our opinion that it was the duty of respondents to apportion funds and to do the other necessary mandatory ministerial acts enjoined upon them by statute to obtain the issuance of warrants to supplement petitioner's salary based upon the minimum teacher's salary as determined herein. Under such circum-

stances, the issuance of a writ of mandamus is proper. Article 7, § 4, Oklahoma Constitution; 12 O.S.1961, § 1451.

For the reasons stated, writ of mandamus is granted.

BERRY, V. C. J., and BLACKBIRD, JACKSON, HODGES, and Mc-INERNEY, JJ., concur.