CONSTITUTIONALITY OF TEACHER SALARY INCREASES Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature, providing for certain specified teacher salary increases is constitutional. There is no irreconcilable conflict between 70 O.S. 5-117 [70-5-117] (1974) giving local boards of education general authority to fix the compensation of teachers and statutes such as Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature (Laws 1974, Ch. 234, Section 22), and 70 O.S. 18-114 [70-18-114] (1974) which make such general authority subject to minimum salary requirements. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Is Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature, constitutional? 2. Is Section 22, Senate Bill 434 in conflict with 70 O.S. 5-117 [70-5-117] (1974)? Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature (Laws 1974, Ch. 234, Section 22), provides in part as follows: "Funds allocated in Section 6 of this act for Teachers' Salary Increases (fiscal year 1975) are to provide the state portion of a Seven Hundred Dollar ($700.00) salary increase for each state teacher. . . . Each school district shall have the option of either a salary raise of Seven Hundred Dollars ($700.00) for each teacher, or a salary raise of not less than nor more than the following schedule: (Editor Note): Not included is the pay schedule; please seek official opinion Title 70 O.S. 5-117 [70-5-117] (1974) provides in pertinent part as follows: "The Board of Education of each school district shall have power . . . to contract with and fix the duties and compensation of . . . superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district . . ." In addition to the statutes to which you refer, it is necessary to consider 70 O.S. 18-114 [70-18-114] and 70 O.S. 18-114.1 [70-18-114.1] (1974) which provide in part: "18-114. Minimum salaries — Increments. — No teacher, having a Bachelor's Degree, shall be paid less than Six Thousand Seven Hundred Dollars ($6,700.00) per year no teacher, having a Master's Degree, shall be paid less than Seven Thousand One Hundred Dollars ($7,100.00) per year; and no teacher, having a Doctor's Degree, shall be paid less than Seven Thousand Five Hundred Dollars ($7,500.00) per year for the school year 1974-75, and thereafter. Any of the degrees referred to herein must be from a college recognized by the State Board of Education. Provided that in addition to the minimum salary provided herein, every teacher shall receive a minimum of One Hundred Dollars ($100.00) per year increments for at least each of the first fifteen (15) years taught in any school approved by the State Board of Education. . . ." "18-114.1. Salary schedule and increments in excess of minimums. — Boards of education of all school districts may adopt a salary schedule and increments in excess of the minimums provided in this act." Your first question is essentially whether the Legislature may mandate flat salary increases for Oklahoma school teachers. It is generally recognized that the authority of local school boards to fix the compensation of teachers may be limited by legislative enactments. In 78 C.J.S., Schools and School Districts, 186, it is stated: "The power of school authorities to fix the salaries of teachers, principals, and superintendents is subject to such restrictions and limitations as may be imposed by statute. Where the statute fixes a minimum salary, a board has no power to employ for less than the statutory wage." In State, ex rel. Darnell v. State Board of Education, Okl., 475 P.2d 181 (1970) the Supreme Court of Oklahoma held that where certain specified salary increases are mandated by the Legislature, such increases are to be added to the previous minimum salary to determine the minimum teacher's salary in Oklahoma. The authority of the Legislature to impose minimum salaries for school teachers is generally recognized, therefore, and the validity of statutes prescribing teacher's salary raises which have the effect of raising the minimum salary has been specifically recognized by the Supreme Court of Oklahoma in Darnell, supra. Your second question asks whether the statute giving general authority to boards of education to fix the compensation of teachers, 70 O.S. 5-117 [70-5-117] (1974), is in conflict with Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature, the salary increase statute discussed above. The applicable rule of statutory construction is stated in Shriver v. Graham, Okl. Cr., 366 P.2d 774 (1961) wherein it is stated: "It is a familiar rule that repeals by implication are not favored and that where two statutes covering in whole or in part the same matter are not absolutely irreconcilable, effect should be given, if possible to both." The statutes in question are capable of being harmonized. The local boards of education continue to have authority to fix the compensation of teachers under Section 70 O.S. 5-117 [70-5-117] subject only to statutory provisions such as Section 70 O.S. 18-114 [70-18-114] and Section 22 of Senate Bill 434 which together impose minimum salaries for Oklahoma public school teachers. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature, providing for certain specified teacher salary increases is constitutional. There is no irreconcilable conflict between 70 O.S. 5-117 [70-5-117] (1974) giving local boards of education general authority to fix the compensation of teachers and statutes such as Section 22, Senate Bill 434, Second Session, Thirty-fourth Legislature (Laws 1974, Ch. 234, Section 22), and 70 O.S. 18-114 [70-18-114] (1974) which make such general authority subject to minimum salary requirements. (Joe C. Lockhart)