PERSONNEL BOARD — QUALIFICATIONS FOR EMPLOYMENT Absent legislative preemption, the State Personnel Board, under 74 O.S. 805 [74-805] (1971), has legal authority to determine and establish qualifications for positions under the merit system; however, the Board does not have the legal authority to determine and establish qualifications for positions under the merit system where said qualifications change, alter or modify those qualifications specifically set by statute. The Attorney General is in receipt of your letter, wherein you ask, in effect, the following question: Does the State Personnel Board have the legal authority to determine and establish qualifications for positions under the Merit System where said qualifications exceed those qualifications specifically set by statute? Title 74 O.S. 805 [74-805] (1971), sets forth the duties of the State Personnel Board and provides that the Board shall: "(2) Adopt, initiate the adoption of, approve, modify, reject, or establish such rules and regulations as may be necessary to give effect to the merit system of personnel administration as contemplated by this act. Such rules and regulations shall include provision for the establishment and maintenance of classification and compensation plans according to their respective duties and responsibilities, the conduct of examinations to determine by competitive performance exclusively on the basis of merit, efficiency and fitness, the qualifications of all candidates for positions in the classified services, . . ." (Emphasis added) Pursuant to Section 74 O.S. 805 [74-805], the Board enacted: Rule 303 which provides a classification plan for each agency setting forth the classes of positions and for the establishment by the Board of "minimum qualifications that are necessary for the satisfactory performance of the duties of the class." Rule 320 of the Board sets forth standards for the establishment of minimum qualifications for class specifications. In authorizing the Board to establish qualifications for merit system positions, it is apparent that the Legislature intends for the Board to have exclusive authority to set those qualifications, absent legislative preemption. However, in a few instances, the Legislature in regard to specific state agencies or positions has established statutory qualifications for specific merit system positions within the agency, thereby preempting the authority otherwise granted to the State Personnel Board. Most statutory qualifications contain a mixture of objective qualifications, such as level of formal education, degrees received and age, and such subjective qualifications, such as experience, character, personality and ability. Your question, in essence, is whether the Personnel Board has the authority to change, alter or modify a statutory qualification and write a job specification different from that provided by statute. The applicable rule of statutory construction is stated in Shriver v. Graham, Okl. Cr., 366 P.2d 774 (1961), wherein it is stated: "It is a familiar rule that repeals by implication are not favored and that where two statutes covering in whole or in part the same matter are not absolutely irreconcilable, effect should be given, if possible to both. . . ." Title 74 O.S. 805 [74-805] (1971), authorizing the State Personnel Board to provide for qualifications of all candidates for positions in the classified service and statutes setting qualifications for specific merit system positions are capable of being harmonized. The State Personnel Board continues to have authority to establish qualifications for the classified service, unless qualifications are set by statute, in which case the Personnel Board must conform. In conforming merit system qualifications to those set by statute, the Personnel Board must do so in a manner that does not abrogate legislative intent in setting the qualifications. Legislative intent should ordinarily be ascertained by consideration of the language of the statute. City of Bristow, ex rel. Hedges v. Groom,194 Okl. 384, 151 P.2d 936 (1944). It is evident that an individual who meets statutory qualifications would be otherwise eligible to compete for the position. To allow the 254 State Personnel Board to expand upon statutory qualifications to, in effect, change, alter or modify the qualifications set by the Legislature would be to give meaning and effect to words not intended by the Legislature. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Absent legislative preemption, the State Personnel Board, under 74 O.S. 805 [74-805] (1971), has legal authority to determine and establish qualifications for positions under the merit system; however, the Board does not have the legal authority to determine and establish qualifications for positions under the merit system where said qualifications change, alter or modify those qualifications specifically set by statute. (Mike D. Martin) ** SEE: OPINION NO. 77-189 (1977) ** ** SEE: OPINION NO. 78-180 (1978) **