**Curtis CHRISTIAN, Appellant,**

**v.**

**The STATE BOARD OF EDUCATION,
Dr. Leslie Fisher, President,
et al., Appellees.**

**No. 48064.**

Supreme Court of Oklahoma.

Sept. 16, 1975.

Larry L. French, Edwards & French, Seminole, for appellant.

Larry Derryberry, Atty. Gen., Joe C. Lockhart, Asst. Atty. Gen., Oklahoma City, Ross N. Lillard, III, Legal Intern, for appellees.

DAVISON, Justice.

This litigation grows out of a claim by the Appellant, County Superintendent of Schools of Seminole County from July 1, 1965, to June 30, 1969, for an additional ten percent (10%) of the amount of the salary paid from county funds. This ten percent represented a certain addition made to the minimum salary of beginning school teachers. This increase amounts in Appellant's case to Three Hundred and

Eighty Dollars ($380.00) per year for the four years he was in office.

The question arose as to whether a County Superintendent of Schools was entitled to this increase given to beginning school teachers. This question was answered in the affirmative in an original mandamus action brought by the County Superintendent of Schools of Creek County and in which case, *State of Oklahoma ex rel. Darnell v. State Board of Education* (Okl.1970), 475 P.2d 181, this court held that:

"The supplement to salary of a county superintendent required to be made by 70 O.S.1961, § 3–3 and 70 O.S.1969 Supp. § 18–15A must be calculated by using the minimum teacher's salary defined in 70 O.S.1969 Supp. § 18–10A and adding thereto the minimum teacher's salary raises granted by such § 18–10A and by 70 O.S.1969, Supp. § 1210.53."

The Appellant filed his petition in the District Court of Oklahoma County on September 12, 1974, alleging that he made proper demand for said increased sum and has not been paid and setting out the basis of the claim as noted above. The lower court sustained a Demurrer to the Petition on the grounds that the cause of action was barred by the Statute of Limitations, which Statute, 12 O.S.1971, § 95, provides in part, as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued and not afterwards: . . .
Second. Within three years:
. . . an action upon a liability created by statute other than a forfeiture or penalty."

This appeal is from the order sustaining the demurrer.

The only issue in this appeal is whether the Appellant's action is barred by said Statute of Limitations. We believe two general propositions of law which this court has followed resolves this issue:

I. This court stated in *Special Indemnity Fund v. Barnes* (Okl.1967), 434 P.2d 218, that:

"It is uniformly held that statute of limitations available to private litigants will run in favor of the state and against an individual where there is an effective remedy which if pursued will afford relief."

II. This court has stated in *Turner v. Sooner Oil and Gas Company, et al.* (1952), 206 Okl. 344, 243 P.2d 701, that:

"The General rule is, the statute of limitations begins to run when the cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result."

The Appellant's brief does not question these two basic rules, but seems to be directed to their application to the particular facts in this case. The Appellant notes the general statute of limitation upon which the lower court relied in its ruling; and said brief also states, "generally the statutes of limitations begins to run when the cause of action accrues, the cause of action said to accrue when plaintiff could first maintain his action to a successful result" and that it is "usually said that the statute begins to run upon an action for salary when each monthly installment is due."

Are the facts in this case such that these general rules would not apply? We think not.

The statutes upon which the Appellant's claim is based contain no special provisions with respect to limitations, nor do they directly or inferentially limit or forbid application of the general statute of limitations.

The Appellant urges that the refusal to pay the claim was "wrongful" in view of the opinion of this court in the *Darnell* case, supra, and therefore the action can never be barred. The Appellant cites and relies on our opinion in *Fortinberry Company v. Blundell* (1952), 206 Okl. 261, *242*

P.2d 427, which case we will distinguish below from the facts in the present case.

We note at this point that both Appellant's and Appellees' briefs refer to an Oklahoma County District Court case, *Hallford, Et Al. vs. The State Board of Education, Et Al.,* No. CJ–71–852, Decided December 10, 1971. The Appellant's brief recites that this action was brought by fifty-five County Superintendents of School, but not including the Appellant herein, following our decision in the *Darnell* case, supra, and that the Statute of Limitations was raised therein and decided favorably to the plaintiffs. Appellant urges this as some authority on the limitations question here. Nothing concerning this case is in the record. We see no way that this case would affect this appeal. We have also noted that the Appellant urges that even if the statute of limitations were held to apply here that since his claim was filed within three years of the *Hallford* case, same would not bar his action. We see no basis for this position, since Appellant was not a party to the action. The fact that others who might have a similar claim filed earlier could not affect one who filed later.

We conclude that the time of the statute of limitation in, i. e., three years, had run before the filing of this action and that, therefore, the real attack on the order sustaining the Demurrer must be on the Appellant's position that where there is a "wrongful" refusal to pay a claim, the claim can never be barred by limitations. On this, the Appellant cites the third syllabus of the *Fortinberry* case, supra, which syllabus is, as follows:

"Neither the statute of limitations nor laches is applicable where the holder of a valid claim against the State is delayed in its collection by the wrongful acts of State officials in refusing to approve its claim, issue warrant thereon and pay the same funds duly appropriated for its payment."

The facts in *Fortinberry* are distinguishable from the facts in this appeal. We think the above quoted syllabus is too broad particularly as it might be applied here.

In *Fortinberry* a contract made in 1937 with the Oklahoma Tax Commission for certain nuts and bolts for license tags was involved. A mandamus case was filed in 1938, which resulted in a 1949 decision by this Court, *Oklahoma Tax Commission v. Fortinberry* (1949), 201 Okl. 537, 207 P.2d 301, holding the claim was valid and should be paid. Therefore another mandamus action was filed in the District Court of Oklahoma County in 1950, which resulted in the *Fortinberry* case, supra, upon which Appellants rely. In the case the decision stated: "This action is clearly ancillary to the original action filed in 1938 in the District Court and appealed to this court in Case No. 33059." This is not the situation in the present case where Appellant was never a party to any of the prior litigation.

To apply the broad rule in the third syllabus in the *Fortinberry* case to the facts in this case would come very close to saying that no claim against the State could ever be barred by limitations. This we are not willing to do.

The order of the trial court is affirmed.

All Justices concur.