Dear Honorable Pierce,
 PROPERTY
¶ 0 A cultural public trust created under 60 O.S. 176. et seq. (1973), is subject to the General Bidding Act of 1974.
¶ 1 The Attorney General has considered your request for an opinion wherein you ask the following question:
"Pursuant to the provisions of 60 O.S. Section 176[60-176](f) (1971), asamended, and 61 O.S. 101 et seq. (1974), as amended, is a cultural publictrust created under 60 O.S. 176 et seq. (1971), as amended, required tocompetitively bid a contract to construct a community center for the useand benefit of the municipality and its citizens?"
¶ 2 Title 60 O.S. 176(f) (1976) provides the requirements and procedures for competitive bidding on public trust contracts for construction, labor, equipment, materials or repairs in excess of $2,000.00, and specifically exempts cultural and industrial trusts from said subsection (f).
¶ 3 Title 61 O.S. 101 et seq. (1974) provides the requirements and procedures for the General Public Bidding Act of 1974 which applies to public construction in excess of $2,500.00.
¶ 4 The express language in the Public Bidding Act of 1974 specifically included public trusts in 61 O.S. 102(3).
¶ 5 Your question is whether the language in 60 O.S. 176(f) ". . . Provided that provisions of this subsection shall not apply to contracts of industrial and cultural trusts" impliedly exempted cultural trusts from the bidding Act of 1974.
¶ 6 In Shriver v. Graham, Okl. Cr., 366 P.2d 774 (1961), it stated the following:
 "It is a familiar rule that repeals by implication are not favored and where two statutes covering in whole or in part the same matter are not irreconcilable, effect should be given, if possible, to both . . . . The intention to repeal, however, will not be presumed, nor the effect of the repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance."
¶ 7 In In re Guardianship of Campbell, Okl., 450 P.2d 203 (1966):
 "That different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each."
¶ 8 Under these statutory construction rules, effect should be given to both acts insofar as their provisions are not in conflict.
¶ 9 The Legislature clearly expressed the intent not to require cultural trusts to be subject to 60 O.S. 176(f) because of the specific exemption language. The narrow language of the exemption clause appears only to exempt it from subsection (f) of that Act. Because of the statutory construction rules stated above, it is the opinion of the Attorney General that the Legislature did not intend to exempt a cultural trust from the Public Bidding Act of 1974.
¶ 10 It is, therefore, the opinion of the Attorney General that yourquestion should be answered in the affirmative. A cultural public trustcreated under 60 O.S. 176, et seq. (1973), is subject to the GeneralBidding Act of 1974.
JAN ERIC CARTWRIGHT ATTORNEY GENERAL OF OKLAHOMA
ROBERT L. McDONALD ASSISTANT ATTORNEY GENERAL